OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the guilty plea vacated, and the case remitted to County Court for further proceedings on the indictment.
Defendant appeals from an order of the Appellate Division *958 which affirmed his conviction upon a plea of guilty to robbery in the third degree and assault in the second degree. The plea was entered following denial by County Court of defendant’s motions to suppress certain identification testimony of the crime victim and also of an eyewitness, and to dismiss the indictment on speedy trial grounds. On appeal to the Appellate Division, defendant argued that his motions should have been granted. That court withheld determination of the appeal, and' remitted the matter to County Court for a new hearing. With respect to the identification testimony, the Appellate Division found that the police had used impermissible identification procedures, and remitted to determine whether there existed a sufficient independent basis for in-court identification testimony by the victim and the witness.
On remittal, County Court found that there did exist a sufficient independent basis to support in-court identification testimony by the witness, but that there did not exist a sufficient independent basis to allow in-court identification testimony by the victim herself. As to the speedy trial question, County Court concluded that defendant had not been deprived of a speedy trial. Upon resubmission to the Appellate Division, that court affirmed defendant’s conviction.
In light of the undisturbed finding by County Court that there did not exist a sufficient independent basis to allow in-court identification testimony by the victim, the motion to suppress should have been granted with respect to identification testimony by the victim. Since we cannot say that defendant’s decision to plead guilty was not influenced by this error, we are in no position to conclude that it was harmless (see People v Grant, 45 NY2d 366, 379-380). Hence, the guilty plea must be vacated.
Turning to defendant’s contention that the courts below should also have suppressed any in-court identification testimony by the witness to the crime on the ground that she lacked an independent recollection, the contrary factual determination by the court below was based on sufficient evidence and is thus beyond the scope of our power to review (see People v Peterson, 40 NY2d 1014, 1015). As to defendant’s speedy trial claim, analysis of the record does not demonstrate that defendant was deprived of a speedy trial.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen concurs on constraint of People v Grant (45 NY2d 366).
*959 Order reversed, etc.