OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, and defendant’s cross appeal should be dismissed.
The People have conceded that it was error for the trial court to deny defendant’s motion to suppress a weapon discovered by the police in the course of an unlawful search. In view of this concession, the Appellate Division was correct in holding that the judgment of conviction entered upon defendant’s guilty plea must be reversed. Although the People had other inculpatory evidence which could have been used against defendant at a trial, we cannot say upon the present record that the erroneous ruling as to the admissibility of the weapon did not exert an influence upon defendant’s decision to plead guilty, and, for that reason, we cannot consider the *1050 error to have been "harmless” (People v Grant, 45 NY2d 366, 377-380).
Additionally, we hold that defendant’s cross appeal from the order of the Appellate Division must be dismissed, since the order is not "adverse” to him within the meaning of CPL 450.90 (subd 1). Under that provision, "[a]n order of an intermediate appellate court is adverse to the party who was the appellant in such court when it affirms the judgment, sentence or order appealed from”. Here, the judgment of conviction was reversed by the Appellate Division, and, consequently, its order is not appealable by defendant, who was the appellant in that court, notwithstanding that defendant was "aggrieved” insofar as his request for the suppression of his out-of-court statements to the police was denied (People v Bryant, 44 NY2d 790; People v Shukla, 44 NY2d 756).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
On the People’s appeal: Order affirmed.
On defendant’s appeal: Appeal dismissed.