OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the plea vacated, and the case remitted for further proceedings on the indictment.
The Appellate Division should have set aside the plea once it found that the trial court had erred in denying the defendant’s motion to suppress with respect to his second statement. Although the erroneous admission of such a statement may constitute harmless error in the context of a trial (People v Schaeffer, 56 NY2d 448) it cannot be said to be harmless on this record in light of the defendant’s plea of guilty.
This case is essentially indistinguishable from our decision in People v Purdy (53 NY2d 806). There the statements which should have been suppressed constituted nothing more than an express acknowledgement and reaffirmation of the defendant’s prior statements which were held to be admissible. Nevertheless we held that the trial court’s error in failing to suppress the subsequent statements could not be deemed to be harmless in light of the defendant’s plea of guilty. Here the defendant’s second statement is more incriminating. The defendant did not only reconfirm his involvement in the crime but he also provided the police with additional information, and potential leads, by identifying one of the other participants in the crime.
*910 As we noted in People v Grant (45 NY2d 366) harmless error rules were designed to review trial verdicts and are difficult to apply to guilty pleas (see, e.g., People v Burrows, 46 NY2d 957; People v Harris, 48 NY2d 208). The primary difficulty is to determine the effect the erroneous denial of the motion had upon the defendant’s decision to plead guilty. Although the People contend that the denial of the motion with respect to his second confession did not influence the defendant’s decision to plead guilty, they obtained no such concession from the defendant at the time of the plea nor did they negotiate a waiver of the defendant’s right to appeal with respect to that portion of the order denying his motion to suppress the second confession (cf. People v Williams, 36 NY2d 829). On such a record, any attempt to gauge the effect of the erroneous denial of this portion of the suppression motion upon the defendant’s decision to plead guilty would be speculative.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur; Judge Jasen dissents and votes to affirm for the reasons stated in the opinion by Justice Vincent D. Damiani at the Appellate Division (89 AD2d 471).
Order reversed, plea vacated and case remitted to Supreme Court, Richmond County, for further proceedings on the indictment in a memorandum.