■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY CHAPMAN, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered April 12, 1982, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's motion which sought suppression of her third statement to police.

Judgment reversed, on the law and the facts, plea vacated, the aforenoted branch of defendant's motion to suppress granted, indictment No. 201/81 reinstated, and matter remitted to the Supreme Court, Richmond County, for further proceedings on the indictments.

Beverly Chapman, the defendant, was accused by a Richmond County Grand Jury of committing the crime of murder in the second degree, it being alleged that, on or about May 12, 1981, with the intent to cause the death of another person, the defendant caused the death of one Ronald Crockett by strangulation. Sharon Price was named as a codefendant.

By notice of motion, dated August 21, 1981, the defendant moved, *inter alia,* for an order "[d]irecting a hearing under authority of *Dunaway v. New York,* 442 U.S. 200, both to inquire into whether or not the defendant * * * was arrested illegally for want of probable cause and whether any and all statements made by her should be suppressed because it [*sic*] was taken pursuant to said illegal arrest, and subsequent to defendant's

request for assistance of counsel". A *Huntley* hearing (see *People v Huntley,* 15 NY2d 72) was conducted with the consent of the People, at the conclusion of which the court ordered the suppression of two of the three statements allegedly made by the defendant to a detective on the date of her arrest.

Suppression of the first statement was ordered because, notwithstanding that defendant was lawfully arrested (see *Payton v New York,* 445 US 573; *Dunaway v New York,* 442 US 200), the statement was elicited in response to the detective's questions before she was advised of her rights (see *Miranda v Arizona,* 384 US 436). The second statement was suppressed because it was not "made under circumstances indicating it was * * * sterilized by Miranda" presumably because the statement was elicited shortly after the defendant, *inter alia,* had twice been advised of her rights and invoked her right to remain silent on each occasion, and had been separated from her codefendant at the station house where the interrogation took place. In short, the detective did not scrupulously honor the defendant's exercise of her right to remain silent (see *Michigan v Mosley,* 423 US 96; cf. *People v Kinnard,* 62 NY2d 910).

While the record and the court's oral decision are unclear as to when the defendant's third statement, concerning her whereabouts during the time between the alleged commission of the crime and her arrest, was made, i.e., before or after she invoked her right to consult an attorney, we conclude that the court erred in not ordering its suppression as well. Had the statement been made before she invoked the right, suppression would have been appropriate for the same reasons which, in our view, warranted suppression of the second statement. If the statement was elicited after she invoked her right to consult an attorney, suppression would be required because no evidence appears in the record that the defendant initiated any conversation or dialogue with the detective prior to the interrogation which culminated in the third statement (see *Oregon v Bradshaw,* 462 US 1039, 103 S Ct 2830).

Nor are we able to conclude that the erroneous denial of the motion to suppress the third statement was harmless on this record in light of the defendant's plea of guilty (see *People v Coles,* 62 NY2d 908). As the Court of Appeals restated in *Coles* (*supra,* p 910): "[h]armless error rules were designed to review trial verdicts and are difficult to apply to guilty pleas * * * The primary difficulty is to determine the effect the erroneous denial of the motion had upon the defendant's decision to plead guilty. Although the People contend that the denial of the motion with respect to his second confession did not influence the defendant's

decision to plead guilty, they obtained no such concession from the defendant at the time of the plea nor did they negotiate a waiver of the defendant's right to appeal with respect to that portion of the order denying his motion to suppress the second confession * * * On such a record, any attempt to gauge the effect of the erroneous denial of this portion of the suppression motion upon the defendant's decision to plead guilty would be speculative".

Though the People do not alternatively argue that a harmless error analysis is appropriate, the record in the case at bar is similarly unilluminating as to the defendant's motive or motives for pleading guilty. No statements may be found in the record that the defendant was not influenced to plead guilty because that branch of her motion which sought to suppress the third statement was denied nor did the prosecutor negotiate a waiver of the defendant's right to challenge on appeal the suppression court's denial of that branch of her motion.

As part of the plea bargain, in which the defendant pleaded guilty to the reduced charge of manslaughter in the first degree in satisfaction of Richmond County indictment No. 205/81, a second Richmond County indictment (No. 201/81), charging, inter alia, sexual abuse and burglary in the first degree, was dismissed without prejudice when defendant was sentenced. Because we are vacating the plea and restoring the case to its prepleading stage, the second indictment must be reinstated.

In light of our disposition we need not consider the defendant's contention that the sentence imposed was excessive. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.