OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Defendant contends that an erroneous denial of suppression
 
 *965
 
 of a confession and showup entitles him to the return of his guilty pleas, upon which he was convicted of first degree robbery and third degree burglary. Even if we were to agree that suppression was improperly denied — a question we do not reach — still any such error would on the facts presented not entitle defendant to the relief he requests. Here, unlike
 
 People v Coles
 
 (62 NY2d 908),
 
 People v Rolston
 
 (50 NY2d 1048),
 
 People v Burrows
 
 (46 NY2d 957) and
 
 People v Grant
 
 (45 NY2d 366), defendant prior to the suppression hearing entered pleas of guilty to robbery in the first degree and burglary in the third degree in return for a conditional sentence promise. The court thereafter determined that because of defendant’s criminal record it could not keep the promise regarding sentence and allowed defendant to withdraw those pleas. After suppression was denied, and faced with the prospect of immediate trial, defendant again entered the guilty pleas to the same two crimes, on the understanding that he would not receive persistent felony treatment or persistent violent felony offender treatment. At the time of the pleas, the People obtained from defendant neither a concession that denial of suppression did not influence his decision to plead guilty nor a waiver of his right to appeal the denial of suppression
 
 (see, People v Coles,
 
 62 NY2d 908, 910,
 
 supra).
 
 As we have previously observed, in such situations an appellate court is rarely in a position to determine whether denial of a suppression motion played any part in a defendant’s decision to plead, making harmless error rules generally inapplicable in such situations
 
 (see, People v Grant,
 
 45 NY2d 366, 379,
 
 supra).
 
 Here, however, defendant’s pleas prior to the suppression hearing leave no question regarding his independent motivation to plead guilty.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 Order affirmed in a memorandum.