■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HEMPHILL, Appellant. [645 NYS2d 297] —Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered April 29, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of 7¹/₂ to 15 years, is unanimously reversed, on the law and facts, and the matter remanded for a new trial. Judgment of the same court and Justice, rendered April 29, 1993, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him to a consecutive term of 4 to 8 years, is unanimously affirmed.

Defendant was properly excluded from the sidebar, since in that sidebar there was "a mere preliminary advisement of the court of challenges later effectuated in open court in the presence of defendant and thus [it] did not constitute a material part of the trial" (*People v Velasco*, 77 NY2d 469, 473). Defendant attempted to challenge an unsworn prospective juror immediately upon learning that his attorney had failed to do so, in the sidebar, contrary to defendant's instructions. By refusing to entertain defendant's application to strike this prospective juror, the trial court deprived defendant of an opportunity to participate in final jury selection.

While defendant asserts that his guilty plea should be vacated, defendant pleaded guilty to a separate crime for which he received a consecutive, *not* a concurrent, sentence. Since defendant's plea, therefore, was not induced by the understanding that his sentence would be concurrent with the sentence for the conviction after trial, there is no basis for vacating the plea (*cf., People v Fuggazzatto*, 62 NY2d 862, 863).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.