[999 NE2d 1157, 977 NYS2d 712]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL D. WELLS, Appellant.

Argued October 10, 2013; decided November 14, 2013

## POINTS OF COUNSEL

*Steven Banks, Legal Aid Society, Criminal Appeals Bureau,* New York City (*Harold V. Ferguson, Jr.,* of counsel), for appellant. The Appellate Division erred when it improperly applied traditional harmless error analysis to appellant's guilty plea conviction after it had reversed the suppression hearing court's decision on appeal. (*People v Grant,* 45 NY2d 366; *People v Harris,* 48 NY2d 208; *People v Burrows,* 46 NY2d 957; *People v Rodriguez,* 99 NY2d 570; *People v Sampson,* 73 NY2d 908; *People v Rolston,* 50 NY2d 1048; *People v Coles,* 62 NY2d 908; *People v Purdy,* 53 NY2d 806; *People v Hill,* 9 NY3d 189; *People v Catu,* 4 NY3d 242.)

*Robert T. Johnson, District Attorney,* Bronx (*Orrie A. Levy, Megan R. Roberts, Joseph N. Ferdenzi* and *Nancy Killian* of counsel), for respondent. The Appellate Division correctly found that the particular circumstances of this case warranted a finding of harmless error. (*People v Lloyd,* 66 NY2d 964; *People v Grant,* 45 NY2d 366; *People v Catu,* 4 NY3d 242; *People v Hill,* 9 NY3d 189; *People v Harris,* 48 NY2d 208; *People v Purdy,* 53 NY2d 806; *People v Coles,* 62 NY2d 908; *People v Cruz,* 48 NY2d 419; *People v Krause,* 71 AD3d 1506; *People v McDonald,* 27 AD3d 949.)

## OPINION OF THE COURT

GRAFFEO, J.

*People v Grant* (45 NY2d 366 [1978]) established that the harmless error doctrine generally cannot be used to uphold a

guilty plea that is entered after the improper denial of a suppression motion. *People v Lloyd* (66 NY2d 964 [1985]), however, recognized that there are exceptions to this principle. In this case, the Appellate Division determined that defendant's challenge to an inventory search should have been granted but his guilty plea nonetheless was valid under *Lloyd*. Based on our review of the record and relevant precedent, we disagree and hold that *Grant* controls in this context.

Defendant crashed a stolen car and the police found him asleep in the driver's seat. He was visibly inebriated, smelled of alcohol when he exited the vehicle and was arrested for driving while intoxicated. Defendant subsequently failed physical coordination tests and his blood alcohol content was .09%. A crack pipe and an open bottle of rum were found during a search of the automobile. After waiving his *Miranda* rights, defendant admitted that he had been drinking alcohol "non-stop for days" and smoking cocaine during that time as well.

Defendant moved to suppress the evidence found inside the car, arguing that it was obtained by police during an invalid inventory search. Following an evidentiary hearing, Supreme Court determined that the search was proper and denied the suppression motion. Defendant then informed the court that he wanted to plead guilty to driving while ability impaired because he "was not planning on going to trial if I got a negative ruling" on the motion and "didn't want to waste the taxpayer's dollars." Supreme Court accepted defendant's guilty plea and imposed the agreed-upon sentence.

The Appellate Division affirmed, concluding that the inventory search was improper but that the erroneous denial of the motion to suppress was harmless due to independent and overwhelming proof of defendant's guilt (95 AD3d 696 [1st Dept 2012]). A Judge of this Court granted leave to appeal (19 NY3d 1106 [2012]) and we now reverse.

The harmless error rule was "formulated to review trial verdicts" (*People v Grant*, 45 NY2d at 378). It requires an appellate court to assess the quantum and nature of the People's proof of guilt independent of erroneously admitted evidence and the causal effect, if any, that the introduction of that evidence had on the factfinder's verdict (*see People v Crimmins*, 36 NY2d 230, 240 [1975]). Harmless error therefore can be "difficult to apply to guilty pleas"—especially in cases involving "an improper denial of a pretrial motion to suppress"—since "a defendant's decision to plead guilty may be based on any factor

inside or outside the record" (*People v Grant*, 45 NY2d at 378-379). Consequently, convictions premised on invalid guilty pleas generally are not amenable to harmless error review (*see id.*).

The *Grant* doctrine is not absolute, however, and we have recognized that a guilty plea entered after an improper court ruling may be upheld if there is no "reasonable possibility that the error contributed to the plea" (*id.* at 379). Although a failure to suppress evidence may detrimentally influence a defendant's plea negotiations, a concession of guilt may be treated as valid if the defendant articulates a reason for it that is independent of the incorrect preplea court ruling (*see id.* at 379-380) or an appellate court is satisfied that the decision to accept responsibility "was not influenced" by the error (*People v Burrows*, 46 NY2d 957, 958 [1979]; *see e.g. People v Rolston*, 50 NY2d 1048, 1049-1050 [1980]; *People v Harris*, 48 NY2d 208, 215 [1979]; *see generally People v Hill*, 9 NY3d 189, 192 [2007], *cert denied* 553 US 1048 [2008]).

*People v Lloyd* (66 NY2d 964 [1985]) is a case where harmless error analysis allowed a guilty plea to stand. The defendant accepted a plea bargain before a suppression hearing was held, but the agreement was set aside after the court declined to abide by the sentencing promise. The motion to suppress was later denied and the defendant pleaded guilty again. Although the motion to suppress should have been granted, we nevertheless upheld the conviction because the plea entered prior to the suppression hearing left "no question regarding [the defendant's] independent motivation" to concede his guilt (*id.* at 965).

The same cannot be said here. After Supreme Court ruled that the police conducted a valid inventory search of the automobile defendant had been operating, he explained that he hoped to obtain a "positive ruling" on the suppression motion but "was not planning on going to trial if [he] got a negative ruling." Defendant then admitted that he drove while impaired. Since the Appellate Division determined that defendant was entitled to the "positive ruling" he sought—i.e., suppression of the crack pipe and open bottle of rum that were discovered in the front of the vehicle[1]— his statements to the court indicate that he may not have accepted responsibility if those two items had been excluded as evidence (*see People v Grant*, 45 NY2d at 379 [the accused "may decide to plead and take an appeal

---

1. This aspect of the Appellate Division's decision is not before us and we express no view on its legal propriety.

because he believes that he cannot succeed at trial unless certain evidence is suppressed"]). Contrary to the dissent's claim, therefore, the fact that "the People had other inculpatory evidence [that] could have been used against defendant at a trial" (*People v Rolston*, 50 NY2d at 1049) is not inherently dispositive under the principles discussed in *Grant* and *Lloyd*. Certainly, there may be instances where the failure to grant suppression does not affect a defendant's decision to plead guilty because the challenged proof is cumulative or too trivial. In this case, however, the denial of the motion to suppress could not be viewed as harmless and the guilty plea must be vacated.[2]

Accordingly, the order of the Appellate Division should be reversed, defendant's guilty plea vacated and the case remitted to Supreme Court for further proceedings on the complaint.

PIGOTT, J. (dissenting). I would affirm. In my view, the Appellate Division correctly applied harmless error analysis to defendant's guilty plea, because this is a case in which an appellate court can, from the record, "determine whether an erroneous denial of a motion to suppress contributed to the defendant's decision" to plead guilty (*People v Grant*, 45 NY2d 366, 379-380 [1978]). Moreover, the Appellate Division correctly ruled that Supreme Court's error was harmless.

The evidence that Supreme Court failed to suppress—a crack cocaine pipe and an open bottle of rum—was not necessary to prove that defendant was guilty of driving while ability impaired. Even if the search of the stolen car had been suppressed, the People would have been able to introduce at trial the arresting officer's observations of defendant's intoxication and his statement to her that he had been smoking cocaine and drinking alcohol "non-stop for days." It is true that defendant stated that he "was not planning on going to trial if [he] got a negative ruling" at the suppression hearing. But this does not mean that he would have gone to trial if Supreme Court had ruled in his favor with regard to the search of his car, but against him as to his statements to the arresting officer and other evidence of intoxication. It is noteworthy that defendant, during his persistent questioning of the arresting officer at the

---

2. Defendant's remaining contention lacks merit (*see People v Allen*, 39 NY2d 916, 917-918 [1976]; *People v Roopchand*, 65 NY2d 837, 838 [1985], *affg* 107 AD2d 35 [2d Dept 1985]; Vehicle and Traffic Law § 1193 [1] [c]; *cf. People v Hightower*, 18 NY3d 249, 253 [2011]; *People v Flynn*, 79 NY2d 879, 882 [1992]).

hearing, did not once ask her about the search of the car or the evidence recovered from it, but rather focused on whether his arrest had been lawful. Therefore, I don't believe there is a "reasonable possibility" (*Grant*, 45 NY2d at 379) that if Supreme Court had merely suppressed the search of the car, Wells would have insisted on going to trial.

Accordingly, I respectfully dissent.

Chief Judge LIPPMAN and Judges READ, SMITH, RIVERA and ABDUS-SALAAM concur with Judge GRAFFEO; Judge PIGOTT dissents and votes to affirm in an opinion.

Order reversed, defendant's guilty plea vacated and case remitted to Supreme Court, Bronx County, for further proceedings on the complaint.