(November 25, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO HENRY, Appellant. [20 NYS3d 682]—

Devine, J. Appeals from two judgments of the County Court of Schenectady County (Giardino, J.), rendered April 19, 2013, convicting defendant upon his pleas of guilty of the crimes of attempted assault in the first degree and assault in the second degree.

Defendant was charged in an indictment with offenses related to a shooting in the City of Schenectady, Schenectady County, and a second indictment was handed up charging him with offenses related to a subsequent assault in the Schenectady County Correctional Facility. After defendant's motion to suppress certain statements he made with regard to the shooting was denied, he pleaded guilty simultaneously to attempted assault in the first degree in satisfaction of the first indictment and assault in the second degree in satisfaction of the second indictment. Defendant purportedly waived his right to appeal from the conviction and sentence in both judgments as part of the agreement, which further contemplated that he would be sentenced to an aggregate prison term of 10 years, to be followed by postrelease supervision of five years. County Court imposed that sentence. Defendant appeals from both judgments, and this Court directed that his appeals be heard together (2014 NY Slip Op 81409[U]).

Defendant first contends that his waiver of the right to appeal was invalid, and we agree. County Court failed to advise defendant during the plea colloquy "that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty," nor did the court confirm that defendant "understood the rights he was waiving" (*People v Whit-*

*ted,* 117 AD3d 1179, 1180 [2014], *lv denied* 23 NY3d 1026 [2014]; *see People v Bradshaw,* 18 NY3d 257, 264-265 [2011]; *People v Lopez,* 6 NY3d 248, 256 [2006]). County Court further failed to explain the purpose of a written appeal waiver that purportedly encompassed both indictments and, in fact, misrepresented that purpose by telling defendant during the colloquy that the written waiver got "rid of any hearings you could [have] had on the next case and you will never know what a jury would have done." Given the "ambiguous and confusing" statements made by County Court and the lack of confirmation that defendant understood the written waiver, the record does not support a finding that the waiver was knowingly, intelligently and voluntarily made (*People v Ritter,* 124 AD3d 1133, 1134 [2015]; *see People v Burgette,* 118 AD3d 1034, 1035 [2014], *lv denied* 24 NY3d 1118 [2015]).

In the absence of a valid appeal waiver, defendant's challenge to the denial of his suppression motion survives his guilty plea to a count in the first indictment and is properly before us (*see* CPL 710.70 [2]; *People v Perez,* 47 AD3d 1071, 1072 [2008]). Defendant asserts that he unequivocally invoked his right to counsel and his right to remain silent early in his interview, "mixed question[s] of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (*People v Glover,* 87 NY2d 838, 839 [1995]; *see People v Johnson,* 106 AD3d 1272, 1275 [2013], *lv denied* 21 NY3d 1043 [2013]).

Defendant was in custody at the time of the interrogation, and a video of that interrogation reveals that he was kept waiting, then forced to acknowledge his understanding of his *Miranda* rights before being granted permission to use the bathroom. After he returned from the bathroom, defendant learned that police wanted to ask him about the shooting, prompting him to say, "I have a lawyer." A request for counsel must be unequivocal for the indelible right to counsel to attach, and "a notification that counsel exists" is not such a request (*People v Mitchell,* 2 NY3d 272, 276 [2004]; *see People v Higgins,* 124 AD3d 929, 931 [2015]; *People v Henry,* 111 AD3d 1321, 1321 [2013], *lv denied* 23 NY3d 1021 [2014]).

The detective admitted at the suppression hearing that he "[b]asically ignored" defendant's remark about having a lawyer and, instead of asking defendant if he wanted to talk to his lawyer, followed up by asking if he "want[ed] to talk to [the

detective]" about the shooting incident.* Defendant's response—"I don't"—left nothing to the imagination. Whatever doubt could have remained in the wake of that statement was removed when defendant added, "I understand my rights and . . . I don't, ah, incriminate myself over an assumption or anything like that. I can't do that for myself." Inasmuch as "a defendant's invocation of the right to remain silent must be scrupulously honored once the right is asserted in an unequivocal and unqualified fashion," and defendant made what can only be viewed as such an assertion, the interrogation should have stopped at that point (*People v Johnson*, 106 AD3d at 1275 [internal quotation marks, brackets and citations omitted]; *see People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Thus, County Court abused its discretion in denying defendant's motion to suppress (*see People v Graham*, 48 AD3d 265, 266 [2008], *lv denied* 10 NY3d 959 [2008]; *People v Brown*, 266 AD2d 838, 838 [1999], *lv denied* 94 NY2d 860 [1999]).

Contrary to the contention of the People, the erroneous denial of the suppression motion does not constitute harmless error. It is unusual for a conviction rendered after a guilty plea to be amenable to harmless error analysis for the simple reason that "an appellate court is rarely in a position to determine whether denial of a suppression motion played any part in a defendant's decision to plead" (*People v Lloyd*, 66 NY2d 964, 965 [1985]; *see People v Wells*, 21 NY3d 716, 718-719 [2013]; *People v Grant*, 45 NY2d 366, 377-379 [1978]). Defendant pleaded guilty approximately a month after his suppression motion had been denied and, absent proof that he would have done so even if his motion had been granted, harmless error analysis is inapplicable (*compare People v Lloyd*, 66 NY2d at 965). As a result, the attempted assault in the first degree conviction cannot stand.

Inasmuch as the integrated plea agreement here was entered into upon the understanding that defendant would receive a set aggregate sentence as a result of his guilty pleas, both judgments must be reversed (*see People v Ortega*, 53 AD3d 696, 697 [2008]; *compare People v Hemphill*, 229 AD2d 324, 324 [1996], *lv denied* 88 NY2d 1021 [1996]). Defendant's remaining arguments are therefore rendered academic.

Lahtinen, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that

---

* In light of the reference by defendant to the fact that he had an attorney, it is troubling that the detective made no effort to ensure that defendant was knowingly electing to proceed without an attorney present (*compare People v Cotton*, 277 AD2d 461, 462 [2000], *lv denied* 96 NY2d 757 [2001]).

the judgments are reversed, on the law, grant that part of defendant's motion to suppress all statements made after he invoked his right to counsel and matters remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.