# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 33
The People &c.,
  Respondent,
  v.
David M. Holz,
  Appellant.

Lana M. Ulrich, for appellant.
Leah R. Mervine, for respondent.

FAHEY, J.

The Criminal Procedure Law sets out an appeals process that provides a right to first-tier, direct appellate review of all factual determinations. Particularly relevant here, Criminal Procedure Law § 710.70 (2) grants a defendant the right to review of a

- 1 -

suppression order "upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty." We must determine whether that provision grants a defendant the right to review of a suppression decision when the order related exclusively to a count that was satisfied by a guilty plea but was not one to which the defendant pleaded guilty. We hold that it does.

I.

On October 3, 2014, the Irondequoit Police Department received a tip indicating that a man walking near the site of a burglary two days earlier may have been involved in the crime. A laptop computer had been stolen. Acting on the tip, a police officer stopped defendant, who matched the description provided. The officer directed defendant to remove his hands from his pockets and saw that there was something in defendant's right hand. The officer asked defendant what he was holding, and defendant revealed a plastic bag, containing jewelry, which the officer seized. Defendant claimed he had bought the jewelry at a nearby yard sale and agreed to accompany the officer and two others who had arrived on the scene to that house to confirm the purchase. The homeowner, however, denied owning or selling the jewelry. Approximately 30 minutes after the initial stop, defendant was arrested.

Defendant was charged by indictment with two counts of burglary in the second degree (Penal Law § 140.25 [2]). The first count related to the laptop computer, taken from a dwelling on October 1, 2014; the second count related to the jewelry, which was taken from the same dwelling on October 3, 2014, the day of the arrest.

Defendant moved to suppress the jewelry, contending that his detention and the seizure of the jewelry violated his right to freedom from unreasonable searches and seizures (see People v De Bour, 40 NY2d 210 [1976]). Following a suppression hearing, with testimony from two of the police officers present at the arrest, Supreme Court denied defendant's motion, concluding that the police had "reasonable suspicion that a crime had been committed and that the defendant was the perpetrator."

Defendant, a predicate felony offender who was facing a maximum sentence of 30 years in prison if convicted of both counts of burglary, pleaded guilty to one count of burglary in the second degree, in satisfaction of the entire indictment. After some confusion regarding which burglary count defendant was pleading to,[1] defendant pleaded guilty to the October 1 burglary, as charged in the count pertaining to the theft of the laptop computer, in satisfaction of the count charging the October 3 burglary of jewelry, which was the subject of his motion to suppress. Supreme Court imposed the agreed-upon sentence of 6 years' incarceration plus 5 years' postrelease supervision.

Defendant appealed from the judgment, contending that Supreme Court had erred in denying his motion to suppress the jewelry.

The Appellate Division affirmed, holding that "the judgment of conviction on appeal here did not ensue from the denial of the motion to suppress and the latter is,

---

[1] The Certificate of Conviction also contained an error, stating that defendant had pleaded guilty to an October 3 burglary and that the October 1 count was satisfied by the plea, whereas in fact the reverse was true. The Certificate was ultimately corrected upon the order of the Appellate Division (People v Holz, 167 AD3d 1417, 1421 [4th Dept 2018]).

therefore, not reviewable pursuant to CPL 710.70 (2)" (People v Holz, 167 AD3d 1417, 1418 [4th Dept 2018] [internal quotation marks and citations omitted]).

The cited statute provides that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from an <u>ensuing judgment of conviction</u> notwithstanding the fact that such judgment is entered upon a plea of guilty" (CPL 710.70 [2] [emphasis added]). According to the Appellate Division, defendant's plea did not "ensue from" the suppression order because the evidence sought to be suppressed related only to the jewelry count, to which defendant did not plead guilty (id. at 1418-1419). The Appellate Division majority did not address the merits of defendant's suppression order challenge.

A single Justice dissented, asserting that whether a guilty plea "ensues from" a suppression order depends on whether there is a "reasonable possibility that the [alleged suppression] error contributed to the plea" (id. at 1422 [Whalen, P.J., dissenting] [internal quotation marks omitted]). The dissenting Justice would have reached the merits of defendant's challenge to the suppression determination (see id. at 1425-1427).

The dissenting Justice granted defendant leave to appeal to this Court, and we now reverse.

## II.

Defendant initially contends that the Appellate Division erred by holding it was jurisdictionally precluded from reviewing the suppression order of Supreme Court. We agree with defendant. Both the plain meaning of CPL 710.70 (2) and relevant legislative history demonstrate that the Appellate Division may review an order denying a motion to

suppress evidence where, as here, the contested evidence pertained to a count--contained in the same accusatory instrument as the count defendant pleaded guilty to--that was satisfied by the plea.

A governing principle of statutory construction is that courts must attempt "to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Williams, 19 NY3d 100, 103 [2012]).

What is meant by "ensuing judgment of conviction" in CPL 710.70 (2)? The term is not defined in the statute. In the absence of a statutory definition, "dictionary definitions serve as useful guideposts in determining the word's ordinary and commonly understood meaning. This follows from the principle that, generally, unless a contrary intent is clear, lawmakers employ words as they are commonly or ordinarily employed" (People v Aleynikov, 31 NY3d 383, 397 [2018] [internal quotation marks and citations omitted]). Dictionaries commonly define the verb "ensue" to mean "to take place afterward or as a result" (Webster's New Collegiate Dictionary 380 [1977]). In other words, "ensue" may simply mean "[t]o occur or arise subsequently" (Oxford English Dictionary Online [Oxford University Press 2020], ensue [5] [b] [http://www.oed.com (last accessed April 14, 2020)]) or it may mean "[t]o follow as a result" (Oxford English Dictionary Online [Oxford University Press 2020], ensue [6] [b] [http://www.oed.com (last accessed April 14, 2020)]).

In using the word "ensuing," the legislature chose the broadest of relational terms to convey the connection between the suppression order and the judgment of conviction. Moreover, if the legislature had intended to limit appellate review to suppression orders

specifically pertaining to the evidence underlying the count to which the defendant pleaded guilty, it easily could have said so (compare Matter of Sinker, 89 NY2d 485, 487-488 [1997] [holding that the legislature's use of the term "in connection with" indicates its intent for a broad application because a more narrow term could have been used to restrict the scope of Labor Law § 593 (4)]).  Here, the legislature used a broad term, "ensuing," making clear that CPL 710.70 (2) provides for appellate review of a suppression order relating to a count in an accusatory instrument satisfied by a guilty plea.

The legislative history of CPL 710.70 (2) supports this construction.  A defendant's right to appellate review of a suppression order was first granted in 1962 when the legislature added a subdivision to the former Code of Criminal Procedure stating that, "[i]f the [suppression] motion is denied, the order denying such may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty" (Code of Criminal Procedure § 813-c; see Bill Jacket, L 1962, ch 954).  Notably, the original provision granting this right to appellate review did not contain the term "ensuing" or place any restriction on the relation between the suppression order and the judgment of conviction.

When the Code of Criminal Procedure was repealed, effective September 1, 1971, and replaced by the Criminal Procedure Law (see Bill Jacket, L 1970, ch 996), one aspect of the Code that remained unchanged was a defendant's right to appellate review of a suppression order despite pleading guilty.  The Temporary Commission on Revision of the Penal Law and Criminal Code noted that what is now CPL 710.70 (2) "is largely derived from Criminal Code § 813-c, which also authorizes a review of an order denying the motion

upon an appeal from a judgment predicated upon a plea of guilty" (Staff Comment of Temp St Commn on Rev of Penal Law and Crim Code, 1970 Proposed CPL 375.70 at 423). Nothing from the legislative history indicates that a narrow causal relationship was added or the right to appellate review was otherwise restricted when Criminal Procedure Law § 710.70 (2) was enacted.

Consistent with that legislative intent to provide a broad right of review, this Court previously "ha[s] countenanced a forfeiture of this statutory right [to appeal] only where a defendant pleaded guilty 'before the hearing on his suppression motion,' thereby foreclosing appellate review for lack of a sufficient factual record" (People v Elmer, 19 NY3d 501, 509 [2012], quoting People v Fernandez, 67 NY2d 686, 688 [1986]). To now inject the requirement of a narrow causal relationship between suppression order and guilty plea into the statute would conflict with the broad language of the statute. "[W]hen a conviction is based on a plea of guilty an appellate court will rarely, if ever, be able to determine whether an erroneous denial of a motion to suppress contributed to the defendant's decision, unless at the time of the plea he states or reveals his reason for pleading guilty" (People v Grant, 45 NY2d 366, 379-380 [1978]; see also People v Wells, 21 NY3d 716, 718-719 [2013]). More fundamentally, "the interplay between the evidence and the various related charges in an indictment cannot readily be traced" (Forte v Supreme Ct. of State of N.Y., 48 NY2d 179, 187-188 [1979]).

The threshold question of whether a suppression order is reviewable on appeal must be distinguished from the question whether an error in the suppression order is harmless. Harmless error analysis occurs, if at all, only after a court has determined that it has

jurisdiction to review an order. It is not the appropriate method for deciding reviewability. To suppose that an erroneous suppression determination directly related to one count has no effect on a defendant's plea to another count in the same indictment would ignore the practical realities of plea bargaining. The distinction between counts pleaded to and counts satisfied by the plea may be less significant than the fact that the number of charges against a defendant has been reduced and the prosecution has ended.[2]

A defendant who pleads guilty to one count will invariably take into consideration that other counts are satisfied by the plea. Importantly, a count satisfied by a guilty plea bears the double jeopardy consequences of a judgment of conviction. The judgment in this case prevents the People from prosecuting defendant again for the October 3, 2014 burglary, even though defendant did not plead to that count (see Holz, 167 AD3d at 1423 [Whalen, P.J., dissenting], citing CPL 40.20 [1]; 40.30 [1] [a]; 220.30 [2]).

The People assert that a count satisfied by a guilty plea, but not directly reflected in the judgment of conviction, does not fall within the meaning of CPL 710.70 (2). Specifically, the People observe that the term "judgment of conviction" does not include counts merely satisfied by a guilty plea. The question before us, however, is not whether a satisfied count should be considered part of a judgment of conviction. Instead, we must decide whether a suppression order related exclusively to a satisfied count "ensues in" or "results in" the judgment of conviction, within the meaning of the statute. We conclude

---

[2] Indeed, the confusion as to which count defendant was pleading guilty to during the plea colloquy and the initial error in the Certificate of Conviction illustrate this proposition. Defendant's focus was likely on eliminating the risk of consecutive sentences.

that it does.  CPL 710.70 (2) does not exclude review of suppression orders that are related to satisfied counts within the same accusatory instrument as the counts to which the defendant pleaded guilty.[3]

Finally, policy considerations are consistent with our broad reading of the statute. To conclude that the Appellate Division lacks jurisdiction to review a trial court's determination on a suppression matter when the evidence in question is not directly related to the count of conviction would insulate erroneous decisions from review and could lead to a proliferation of unreviewable legal errors at the trial level.  The People, as part of a plea offer, may "obtain[] [a] concession from the defendant at the time of the plea" that the denial of the suppression motion did not influence the defendant's decision to plead guilty, or may "negotiate a waiver of the defendant's right to appeal" with regard to the denial of the motion to suppress (People v Coles, 62 NY2d 908, 910 [1984]).  Lacking such a concession here, defendant's right to appellate review of Supreme Court's suppression order is secured by CPL 710.70 (2).

III.

Defendant further asks this Court to grant his motion to suppress, contending that Supreme Court erred in holding that the police officer had reasonable suspicion to justify the detention and seizure of the jewelry.  Here, the Appellate Division did not reach the

---

[3] The count defendant pleaded guilty to here was contained in the same indictment as the count that the suppression order involved.  Accordingly, we do not opine on, and this decision should not be read to address, whether the right to appellate review under CPL 710.70 (2) extends to suppression orders related to a satisfied count when the accusatory instrument containing the satisfied count is separate from the instrument containing the count to which a defendant pleaded guilty.

underlying suppression question and we remit to the Appellate Division to make its determination on the merits.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for further proceedings in accordance with this opinion.


\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein. Opinion by Judge Fahey. Chief Judge DiFiore and Judges Rivera, Stein, Garcia, Wilson and Feinman concur.


Decided May 7, 2020