People v Teixeira-Ingram (2021 NY Slip Op 06575)





People v Teixeira-Ingram


2021 NY Slip Op 06575


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

111933
[*1]The People of the State of New York, Respondent,
v
Marcel Teixeira-Ingram, Appellant.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

David E. Woodin, Catskill, for appellant.
Paul Czajka, District Attorney, Hudson (Joyce Crawford of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered March 7, 2019, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.
Defendant was a passenger in a vehicle that was stopped by the State Police for speeding. Troopers arrested defendant and the four other occupants of the vehicle after discovering 6.5 ounces of cocaine. Defendant was charged by indictment with criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. Following a hearing, County Court denied suppression of defendant's statements. He then pleaded guilty to both counts. County Court sentenced defendant, in his absence, to a prison term of eight years followed by five years of postrelease supervision for criminal possession of a controlled substance in the second degree and to a lesser concurrent term for the remaining conviction. Defendant appeals.
Defendant first argues that County Court erred in declining to suppress the statements he made to police.[FN1] When suppression is sought, "the People bear the burden of proving beyond a reasonable doubt that the defendant's statement to police was voluntarily given, including that any custodial interrogation was preceded by the administration and the defendant's knowing waiver of his or her Miranda rights" (People v Dawson, 195 AD3d 1157, 1158 [2021] [internal quotation marks and citations omitted]; see People v Davis, 196 AD3d 918, 919-920 [2021]). As it is undisputed that defendant's statements — made in response to questioning about the subject crimes at the State Police barracks following defendant's arrest — were obtained during a custodial interrogation, our analysis hinges on whether defendant was advised of his rights and validly waived them before making his statements.
County Court deemed all of the hearing witnesses credible, and we defer to that finding (see People v Davis, 196 AD3d at 922). At the suppression hearing, a state trooper testified that he stopped the vehicle and spoke with the driver but did not converse with any of the passengers. A second state trooper testified that he spoke with the driver and a female passenger and read them their Miranda rights, but he did not speak with defendant or read him his Miranda rights. A State Police investigator testified that he spoke with all the passengers but spoke more with defendant "because he waived his right to counsel." The investigator further testified that he spoke with defendant after defendant was read his rights. When asked who read defendant his Miranda rights, the investigator testified that the first trooper did so. The prosecutor then asked, "Did you speak with him?" to which the investigator responded, "Yes."[FN2] In response to more questions, the investigator relayed the substance of the [*2]conversation that he had with defendant. On cross-examination, the investigator confirmed that he did not read defendant his rights, nor was the investigator present when defendant was read his rights.
In sum, the People rely on the investigator having talked to the trooper and, apparently, an inference that the trooper told the investigator that he read defendant his rights. However, the trooper did not testify to having read defendant his rights; he instead testified that he had no conversation with defendant. Although hearsay is admissible in suppression hearings (see CPL 710.60 [4]), this inference based on hearsay is insufficient for the People to prove beyond a reasonable doubt that defendant was advised of his Miranda rights before being questioned. The investigator did not actually testify to what he heard the trooper say during their out-of-court conversation — that is, the investigator did not actually offer hearsay evidence that the trooper read defendant his Miranda warnings. Even if the People had proven that fact, the investigator's conclusory assertion that defendant waived his right to counsel supplied no facts from which County Court could have rationally concluded that defendant's waiver of his right to counsel — or any of his other rights — was knowing, voluntary and intelligent (compare People v Smith, 193 AD3d 1260, 1264-1265 [2021], lv denied 37 NY3d 968 [2021]; People v Butcher, 192 AD3d 1196, 1197-1198 [2021], lv denied 36 NY3d 1118 [2021]). As the People failed to meet their burden at the hearing, defendant was entitled to have his statements suppressed.
"It is unusual for a conviction rendered after a guilty plea to be amenable to harmless error analysis for the simple reason that an appellate court is rarely in a position to determine whether denial of a suppression motion played any part in a defendant's decision to plead. . . . [A]bsent proof that [the defendant] would have [pleaded guilty] even if his [or her] motion had been granted, harmless error analysis is inapplicable" (People v Henry, 133 AD3d 1085, 1087 [2015] [internal quotation marks and citations omitted]; see People v Wells, 21 NY3d 716, 718-719 [2013]). Although it bears noting that exceptions exist, such that "a concession of guilt may be treated as valid if the defendant articulates a reason for it that is independent of the incorrect preplea court ruling or an appellate court is satisfied that the decision to accept responsibility was not influenced by the error" (People v Wells, 21 NY3d at 719 [internal quotation marks and citation omitted]; see People v Holz, 35 NY3d 55, 62-63 [2020]), this record does not support any such exception (see People v Wells, 21 NY3d at 719-720; compare People v Clanton, 151 AD3d 1576, 1578-1579 [2017]). Accordingly, County Court's failure to suppress defendant's statements cannot be deemed harmless, and the guilty plea must be vacated and defendant restored to his preplea status (see People v Harris, 141 AD3d [*3]1024, 1028 [2016]).
Based on our resolution of this issue, defendant's remaining arguments are academic.
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, defendant's statements suppressed and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The People and defendant entered a stipulation in lieu of motions that consented to County Court holding a hearing to determine whether defendant's statements to police should be suppressed on the same grounds now asserted on appeal. Contrary to the People's assertion, no further action or objection was necessary for defendant to preserve a challenge to the denial of suppression (see People v Hassell, 175 AD3d 1427, 1428 [2019]; People v Johnson, 135 AD3d 960, 960 [2016], lv denied 27 NY3d 1070 [2016]). Further, defendant may appeal the denial of suppression notwithstanding his guilty plea (see CPL 710.70 [2]).

Footnote 2: This question was vague, rendering it unclear whether the "him" referred to defendant or the first trooper.