People v Lipka (2024 NY Slip Op 05153)

People v Lipka

2024 NY Slip Op 05153

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

110877
[*1]The People of the State of New York, Respondent,
v
Cody Lipka, Appellant.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Matthew C. Hug, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered November 16, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In December 2017, defendant was arrested following an incident wherein he allegedly hid in the backseat of the victim's car while she was driving, then forced her at knifepoint to return to her residence, at which point he choked her and repeatedly threatened to kill her. Subsequently, defendant was charged by indictment with kidnapping in the second degree, burglary in the first degree and strangulation in the second degree. Following a Huntley hearing, County Court denied defendant's motion to suppress statements that he made to law enforcement. At the ensuing trial, after a jury was empaneled, defendant accepted a plea offer requiring him to serve 14 years in prison, to be followed by five years of postrelease supervision, in exchange for pleading guilty to burglary in the first degree. Defendant did not, however, waive his right to appeal. The court subsequently sentenced defendant as negotiated. Defendant appeals.
Defendant's sole argument is that his statements to the police should have been suppressed because, while in custody, he invoked his right to counsel on four separate occasions. "The right to counsel indelibly attaches as soon as a defendant in custody unequivocally requests the assistance of counsel. Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request, including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (People v Bowman, 194 AD3d 1123, 1127-1128 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 963 [2021]).
With regard to the first purported invocation of the right to counsel, shortly after the incident in question, defendant was involved in a vehicle chase with the police, resulting in a collision whereby defendant was injured and taken to the hospital for treatment. State Police investigators spoke to him in his hospital room. When they told defendant that they wanted to discuss the incident involving the victim, defendant responded that he did not know if he should talk without a lawyer. This statement by defendant, however, did not mandate suppression, as the mere suggestion that one might consult a lawyer or expression of uncertainty as to whether an attorney is needed does not constitute an unequivocal invocation (see People v Mitchell, 2 NY3d 272, 276 [2004]; People v Rowell, 59 NY2d 727, 730 [1983]; People v Hurd, 279 AD2d 892, 893 [3d Dept 2001]).
As for defendant's second supposed invocation, a statement that he made once he had been brought to an interview room at the State Police barracks and was being questioned by investigators — to the effect that he was unsure what to do and was[*2]"very hesitant about playing the lawyer card" because he did not know the particular charges he was facing — also was not an unequivocal request for counsel. At most, this could be viewed as "a mere forewarning of a possible, contingent desire to confer with counsel as opposed to a present desire to do so" (People v Bowman, 194 AD3d at 1129; see People v Whiting, 170 AD3d 1654, 1655 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]). As such, suppression on the basis of this statement was properly denied.
We next consider defendant's third claimed invocation of his right to counsel. In the course of the investigators' questioning of defendant, they transitioned away from asking defendant about his flight from the police and turned to the underlying domestic violence incident. When they began focusing on how he had first encountered the victim earlier that morning, defendant expressed that he did not wish to discuss that subject. After the investigators continued with a couple of follow-up questions on this topic, defendant stated, "that's what I want a lawyer for." He then went on to say that he was scared to talk and noted that he could still cooperate with the District Attorney at a later time.
Under these circumstances, we conclude that defendant clearly invoked his right to counsel. Although the first two alleged invocations described above did not constitute requests for an attorney, they nevertheless serve to indicate that the subject of obtaining a lawyer was on defendant's mind while he was being questioned. With that said, once the interrogation moved to the underlying incident, defendant "articulated his desire to have counsel present such that a reasonable police officer should have understood that he was requesting an attorney" (People v Jones, 21 AD3d 429, 429 [2d Dept 2005], lv denied 6 NY3d 755 [2005]; see People v Harris, 177 AD3d 1199, 1203-1204 [3d Dept 2019], lv denied 35 NY3d 970 [2020]). Accordingly, any statements made by defendant thereafter should have been suppressed.[FN1]
Further, contrary to the People's contention, this erroneous suppression ruling was not harmless. "It is unusual for a conviction rendered after a guilty plea to be amenable to harmless error analysis for the simple reason that 'an appellate court is rarely in a position to determine whether denial of a suppression motion played any part in a defendant's decision to plead' " (People v Henry, 133 AD3d 1085, 1087 [3d Dept 2015], quoting People v Lloyd, 66 NY2d 964, 965 [1985]; see People v Teixeira-Ingram, 199 AD3d 1240, 1242 [3d Dept 2021]). That being the case, the record does not establish that defendant's decision to plead guilty was entirely independent of the ruling (see People v Wells, 21 NY3d 716, 719 [2013]).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's [*3]decision.

Footnotes

Footnote 1: Given this ruling, we need not address defendant's fourth claimed invocation.