People v Robles (2024 NY Slip Op 05819)

People v Robles

2024 NY Slip Op 05819

Decided on November 21, 2024

Court of Appeals

Garcia

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2024

No. 97 

[*1]The People & c., Respondent,
v
Eddie Robles, Appellant.

Melissa K. Swartz, for appellant. 
Bradley W. Oastler, for respondent. 

GARCIA, J.

Defendant was charged with criminal possession of a weapon. The trial court denied his motion to suppress the gun and a post-arrest admission he made to police, and defendant pleaded guilty. On appeal, the Appellate Division held that defendant's statement should have been suppressed, but that, because the gun would still have been admissible at trial, the error was harmless as there was no reasonable possibility that it contributed to defendant's decision to plead guilty. On this record, however, we cannot say with certainty that the erroneous ruling played no part in that decision, and therefore we reverse.
In response to a report of shots fired, two officers approached defendant and, after a struggle, recovered a handgun from him. Prior to any Miranda warnings being administered, an officer asked defendant, "Hey, Eddie, man, what's going on? Are you all right? Are you okay?" Defendant responded, "Bro, you saw what I had on me. I was going to do what I had to do." Defendant was indicted on various charges, including second degree criminal possession of weapon (Penal Law § 265.03 [3]).
After Supreme Court denied defendant's motion to suppress both the handgun and his statement, defendant accepted the People's offer of a plea to attempted second degree criminal possession of a weapon. During the plea colloquy, defendant, who was proceeding pro se, stated, "I just want to make sure I can appeal my suppression [*2]hearing." In response to the court's question of whether he was pleading guilty because he was guilty and was doing so freely and voluntarily, defendant answered, "I'm pleading guilty because it's a good deal." The court accepted the plea and imposed the agreed-upon sentence.
The Appellate Division, with one Justice dissenting, agreed with defendant that his statement should have been suppressed,[FN1] but held that the error was harmless (211 AD3d 1516 [4th Dept 2022]). The Court concluded that "[b]ecause [the gun] would have been admissible at trial . . . there is no reasonable possibility that the [trial] court's error in failing to suppress defendant's statement admitting possession of the firearm contributed to his decision to plead guilty" (id. at 1518). The dissenting Justice, who would have held the record insufficient to support a determination that defendant "would have pleaded guilty without regard to the error" (id. at 1520 [Lindley, J., dissenting]), granted leave to appeal, and we now reverse.
Applying a harmless error analysis to guilty pleas is a challenging exercise because a guilty plea "simply reflects the fact that for some reason, sufficient to the defendant," that defendant decided to waive his or her trial rights (People v Grant, 45 NY2d 366, 379 [1978]). As a result, convictions based on guilty pleas "generally are not amenable to harmless error review" (People v Wells, 21 NY3d 716, 719 [2013]). This "general" rule, however, is not absolute (id.). Where, as here, the error is of constitutional dimension, we have held that, in addition to evaluating whether the People's remaining proof in the case constitutes "overwhelming proof of defendant's guilt" (People v Crimmins, 36 NY2d 230, 237 [1975]), harmless error review must also analyze "whether there is a reasonable possibility that the error contributed to the" defendant's decision to plead guilty (Grant, 45 NY2d at 378-379). Where there is any " 'reasonably possibility that the error contributed to the plea,' " the conviction must be reversed (Wells, 21 NY3d at 719, quoting Grant, 45 NY2d at 379).
With the framework for assessing harmlessness in mind, we conclude that this is not one of the rare situations where the record "leave[s] no question regarding [the defendant's] independent motivation to plead guilty" (People v Lloyd, 66 NY2d 964, 965 [1985] [defendant pleaded guilty before the suppression hearing, was permitted to withdraw his plea when the court determined that, because of his criminal record, it could not keep its sentencing promise, and later pleaded guilty following the denial of suppression, with the understanding that he would not be sentenced as a persistent or violent felony offender]). A plea before trial leaves "little if any evidence in the record" to support a court's evaluation of the quantum and nature of the prosecution's remaining proof (Grant, 45 NY2d at 378). Here, in determining that the error was harmless, the Appellate Division was able to point to the gun recovered from defendant. But even when there are facts in the record that make possible that part of the analysis, a court must still determine that there is no reasonable possibility that the error contributed to the defendant's decision to plead guilty for harmless error to apply (see id. at 378-379). That latter inquiry is especially important when, as in the present case, a defendant unsuccessfully sought to suppress a confession and that ruling is reversed on appeal (id. at 380).
The record here is ambiguous at best as to defendant's motivation in pleading guilty. Although defendant asserted during the plea colloquy that he was "pleading guilty because it's a good deal," he may only have believed that "in the face of all the evidence" admissible at the time, including his highly incriminating post-arrest statement "you saw what I had on me" (id. at 379). Moreover, when entering his plea, defendant affirmatively sought assurances from the court that he could appeal the suppression determination, indicating the importance he placed on that adverse ruling (see id. ["Notably, at the time of plea (the defendant) did not waive his right to appeal"]). The People's argument that defendant may only have been concerned with the court's suppression of the physical evidence is speculative and insufficient to overcome the high bar for establishing defendant's independent motivation for the plea. On this record, we cannot say that defendant's decision to plead guilty was unaffected by the court's erroneous suppression ruling, and therefore his guilty plea must be vacated.
Finally, we reject defendant's request to dismiss the felony indictment (see People v Bush, 38 NY3d 66, 72 n 2 [2022]). Accordingly, the order of the Appellate Division should be reversed, defendant's guilty plea vacated and the case remitted to Supreme Court for further proceedings on the indictment.
Order reversed, defendant's guilty plea vacated and case remitted to Supreme Court, Onondaga County, for further proceedings on the indictment. Opinion by Judge Garcia.
Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.
Decided November 21, 2024

Footnotes

Footnote 1: The outcome of the suppression decision is not before us.