■ In the Matter of RAESHAN DOCKERY, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [859 NYS2d 130]—

Determination of respondent Housing Authority, dated February 10, 2006, terminating petitioner's employment, unanimously confirmed, the petition denied, and the proceeding (transferred to this Court by order of Supreme Court, New York County [Rolando T. Acosta, J.], entered January 17, 2007), dismissed, without costs.

The determination was supported by substantial evidence that petitioner violated the Housing Authority's policy against violence in the workplace. The 911 recordings were properly admitted into evidence at the disciplinary hearing since they were not official records relating to petitioner's arrest or prosecution, and thus were not subject to the sealing statute (CPL 160.50; *see Matter of Harper v Angiolillo*, 89 NY2d 761, 767 [1997]).

Even assuming the 911 recordings were subject to the sealing statute, "the mere reception of erroneously unsealed evidence at petitioner's disciplinary hearing does not, without more, require annulment of [the agency's] determination" (*Matter of Charles Q. v Constantine*, 85 NY2d 571, 575 [1995]). The evidence independent of the 911 tapes was sufficient to establish that petitioner violated the Housing Authority's policy, and thus that agency's determination should be confirmed.

The penalty of dismissal does not shock the conscience (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]).

We have considered petitioner's other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and DeGrasse, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRANCISCO, Appellant. [857 NYS2d 517]—Judgment, Supreme Court, New York County (A. Kirke Bartley, J., at plea; Laura A. Ward, J., at sentence), rendered on or about December 22, 2006, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and DeGrasse, JJ.