■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEQUAN BAILEY, Appellant. [26 NYS3d 917]—

Appeal from a judgment of the Supreme Court, Erie County

(Russell P. Buscaglia, A.J.), rendered May 21, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and robbery in the second degree (five counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of five counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]) and one count of robbery in the first degree (§ 160.15 [4]). We conclude that defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Knox*, 133 AD3d 1257, 1257 [2015]; *see generally People v Sanders*, 25 NY3d 337, 340-341 [2015]). Contrary to defendant's contention, his waiver of the right to appeal "was not rendered invalid based on [Supreme Court]'s failure to require defendant to articulate [it] in his own words" (*People v Dozier*, 59 AD3d 987, 987 [2009], *lv denied* 12 NY3d 815 [2009]). The waiver encompasses defendant's challenges to the court's refusal to suppress identification testimony (*see Sanders*, 25 NY3d at 342; *People v Kemp*, 94 NY2d 831, 833 [1999]), the court's exercise of discretion in denying his request for youthful offender status (*see People v Pacherille*, 25 NY3d 1021, 1024 [2015]), and the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Present—Whalen, P.J., Smith, Carni, Nemoyer and Curran, JJ.