# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**978**

**KA 16-00854**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

RICHARD A. RODAS, JR., DEFENDANT-RESPONDENT.

---

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (DAVID G. MASHEWSKE OF COUNSEL), FOR APPELLANT.

TIFFANY M. SORGEN, CANANDAIGUA, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Yates County Court (W. Patrick Falvey, J.), dated April 7, 2016. The order, among other things, granted the motion of defendant to suppress certain statements.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.

Memorandum: In this criminal action arising from defendant's alleged conspiracy with his girlfriend to sexually abuse the girlfriend's daughter, the People appeal pursuant to CPL 450.20 (8) from an order granting defendant's motion to suppress statements that he made, as well as letters that he gave, to a Yates County Department of Social Services child protective caseworker during a series of interviews conducted at the Yates County Jail, where defendant was in custody on an unrelated charge on which he was represented by counsel. At the outset, we note that the "factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Collier*, 35 AD3d 628, 629, *lv denied* 8 NY3d 879, *reconsideration denied* 9 NY3d 841; *see People v Hogan*, 136 AD3d 1399, 1400, *lv denied* 27 NY3d 1070). Likewise, "in the event the proof permits the drawing of conflicting inferences, the choice is for the [hearing court] and should be upheld unless unsupported by the evidence" (*People v Davis*, 221 AD2d 358, 359, *lv denied* 87 NY2d 920 [internal quotation marks omitted]).

Here, we conclude that County Court properly determined that the caseworker obtained the statements and letters in violation of defendant's right to counsel (*see generally People v Lopez*, 16 NY3d 375, 380), inasmuch as there was such a degree of investigatory cooperation between the caseworker and a Village of Penn Yan police investigator that the caseworker acted as the agent of the police in questioning defendant and obtaining the letters from him outside the

presence of defense counsel (*see People v Wilhelm*, 34 AD3d 40, 46-50; *People v Greene*, 306 AD2d 639, 640-641, *lv denied* 100 NY2d 594; *see generally People v Rodriguez*, 135 AD3d 1181, 1184-1185, *lv denied* 28 NY3d 936).  In the weeks before the caseworker's interviews with defendant, she and the investigator communicated at least four times and kept each other closely apprised of their respective investigatory findings.  Right before the caseworker first interviewed defendant, she called the investigator again to let him know what she was doing and to ask him to accompany her to the jail.  The investigator informed the caseworker that he could not do so because defendant was represented by counsel on the unrelated charge and had told the investigator that defendant would not speak to him in the absence of counsel.  Although both the investigator and the caseworker testified at the suppression hearing that the investigator did not give the caseworker instructions or directions before she interviewed defendant, the caseworker also testified that the investigator specifically asked her not to "focus on" certain letters that might be possessed by defendant at the jail, to avoid defendant's destruction of those letters before the investigator could obtain a warrant for their seizure.  Additionally, during the interviews, the caseworker told defendant that she was "working together" with "law enforcement" and would be "sharing" with the police any information that she obtained from him (*see Greene*, 306 AD2d at 641; *see generally Wilhelm,* 34 AD3d at 47-48).

Moreover, after the caseworker interviewed defendant, she briefed the investigator on the substance of defendant's statements and turned over copies of the letters that she had obtained from defendant (*see Wilhelm*, 34 AD3d at 47-48).  In turn, the investigator allowed the caseworker to read and make copies of letters that he had acquired from defendant's girlfriend.  The caseworker further shared with the investigator other information that she had learned during the investigation, including the location of yet another set of letters. We thus conclude that defendant's right to counsel, the nature and effect of which the caseworker specifically had been apprised before she interviewed defendant (*cf. id.* at 49), was circumvented because the caseworker was acting as an agent of the police at the time that she interviewed defendant (*see id.* at 48-49; *Greene*, 306 AD2d at 641). In light of our determination, the indictment must be dismissed because " 'the unsuccessful appeal by the People precludes all further prosecution of defendant for the charges contained in the accusatory instrument' " (*People v Moxley*, 137 AD3d 1655, 1656-1657).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court