# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**382**
**KA 15-01729**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

PRESTON S. DAIGLER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 14, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]). At the time of the plea, defendant waived his right to appeal, and County Court indicated that it would consider whether to grant him youthful offender status after reviewing a presentence investigation. Prior to sentencing, defense counsel submitted a letter asking the court to adjudicate defendant a youthful offender. The court reviewed the presentence investigation report and adjourned sentencing to review other materials, including recordings of telephone calls that defendant made from the jail prior to pleading guilty, in which he discussed his intent not to abide by the conditions of probation or otherwise alter his ways in the future. The court thereafter declined to grant defendant youthful offender status.

Contrary to defendant's initial contention, the record establishes that he knowingly, voluntarily, and intelligently waived the right to appeal (*see generally People v Bailey*, 137 AD3d 1620, 1621, *lv denied* 27 NY3d 1128). Furthermore, because the court discussed the possibility of adjudicating defendant a youthful offender when he waived the right to appeal, defendant's valid waiver encompasses his challenge to the court's denial of his request at the time of sentencing for such an adjudication (*cf. People v Weathington* [appeal No. 2], 141 AD3d 1173, 1174, *lv denied* 28 NY3d 975; *People v*

*Gibson*, 134 AD3d 1517, 1518, *lv denied* 27 NY3d 1069). We do not address defendant's contention that his waiver of the right to appeal is overbroad because that contention "is raised for the first time in defendant's reply brief and thus is not properly before us" (*People v Jones*, 300 AD2d 1119, 1120, *lv denied* 2 NY3d 801; *see People v Harris*, 129 AD3d 1522, 1525, *lv denied* 27 NY3d 998). We have considered defendant's remaining challenges to his waiver of the right to appeal and conclude that they are without merit. Consequently, defendant's "valid waiver of the right to appeal . . . forecloses appellate review of [the] sentencing court's discretionary decision to deny youthful offender status" to defendant inasmuch as the sentencing court considered such status (*People v Pacherille*, 25 NY3d 1021, 1024).

Entered: March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court