Matter of Rosa v New York City Hous. Auth., Straus Houses (2018 NY Slip Op 02552)





Matter of Rosa v New York City Hous. Auth., Straus Houses


2018 NY Slip Op 02552


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6265 101297/15

[*1]In re Geraldine Rosa, Petitioner-Respondent,
v
New York City Housing Authority, Straus Houses, Respondent-Appellant.


David I. Farber, New York (Laura R. Bellrose of counsel), for appellant.
Jeanette Zelhof, Mobilization for Justice, Inc., New York (Sandra Gresl of counsel), for respondent.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 22, 2016, annulling the determination of respondent New York City Housing Authority (NYCHA), dated March 9, 2015, which terminated the tenancy of petitioner for criminal drug activity and chronic rent delinquency, and remanding the matter for a new hearing before a different hearing officer solely on the rent delinquency charge, unanimously reversed, on the law, the determination confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
The IAS court erred in finding that NYCHA's administrative findings were in violation of petitioner's due process rights. First, the IAS court erred in rejecting the arresting officer's testimony because the underlying criminal proceeding against petitioner had been dismissed and sealed. The sealing of a criminal case will not immunize a defendant against all future consequences of the charges, and an administrative tribunal is permitted to consider evidence of the facts leading to those charges when they are independent of the sealed records (Matter of Skyline Inn Corp. v New York State Liq. Auth., 44 NY2d 695, 696 [1978]; Matter of Dockery v New York City Hous. Auth., 51 AD3d 575, 575 [1st Dept 2008], lv denied 11 NY3d 704[2008]). The IAS court's finding that the officer's testimony was improperly based on sealed records, rather than his independent recollection, was simply not accurate. Regardless, the "reception of erroneously unsealed evidence at [an administrative] hearing does not, without more, require annulment of respondent's determination" (Matter of Charles Q. v Constantine, 85 NY2d 571, 575 [1995]).
The IAS court also improperly rejected the officer's testimony as impermissible hearsay. It is well-settled that hearsay is admissible in administrative proceedings, that it may be the basis for an administrative determination and — if sufficiently relevant and probative — may constitute substantial evidence alone (People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]; Matter of Café la China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]). Petitioner did not suffer any due process violation at the hands of NYCHA.
Further, our independent review of the record confirms that NYCHA's administrative findings are supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The officer's hearsay and nonhearsay testimony, as well as petitioner's own admissions, were more than sufficient to meet this standard (Café la China Corp., 43 AD3d at 281). Regardless, respondent had the discretion to terminate petitioner's tenancy based on her chronic failure to pay rent alone, which was clearly [*2]established at the administrative hearing (Matter of Hairston v New York City Hous. Auth., 144 AD3d 416, 417 [1st Dept 2016]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK