People v Holz (2020 NY Slip Op 03345)





People v Holz


2020 NY Slip Op 03345


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


798/18 KA 16-00065

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID M. HOLZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LANA M. ULRICH OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 24, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree. The judgment was affirmed by order of this Court entered December 21, 2018 in a memorandum decision (167 AD3d 1417 [4th Dept 2018]), and the Court of Appeals on May 7, 2020 reversed the order and remitted the case to this Court for further proceedings (— NY3d &mdash, 2020 NY Slip Op 02682 [May 7, 2020]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence seized from defendant on October 3, 2014 is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Holz, — NY3d &mdash, 2020 NY Slip Op 02682 [May 7, 2020], revg 167 AD3d 1417 [4th Dept 2018]). We previously affirmed a judgment convicting defendant, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]) as charged in count one in full satisfaction of a two-count indictment. A majority of this Court concluded that " the judgment of conviction on appeal here did not ensue from the denial of the motion to suppress [relating solely to count two] and the latter [wa]s, therefore, not reviewable' pursuant to CPL 710.70 (2)" (Holz, 167 AD3d at 1418). One Justice dissented and would have reached the merits of defendant's challenge to the suppression ruling (id. at 1424 [Whalen, P.J., dissenting]). The Court of Appeals reversed, stating that "the Appellate Division may review an order denying a motion to suppress evidence where, as here, the contested evidence pertained to a count—contained in the same accusatory instrument as the count defendant pleaded guilty to—that was satisfied by the plea" (Holz, — NY3d at &mdash, 2020 NY Slip Op 02682, *2). The Court of Appeals remitted the matter to this Court to rule on defendant's suppression contention. Upon remittitur, we now agree with defendant that Supreme Court erred in refusing to suppress physical evidence seized as a result of his unlawful detention on October 3, 2014 (see Holz, 167 AD3d at 1424-1428 [Whalen, P.J., dissenting]). We further agree with defendant that such error was not harmless under the circumstances (see id. at 1424). We therefore reverse the judgment, vacate the plea, grant that part of the omnibus motion seeking to suppress the physical evidence seized from defendant on October 3, 2014, and remit the matter to Supreme Court, Monroe County, for further proceedings on the indictment.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court