People v Wilcox (2021 NY Slip Op 01640)





People v Wilcox


2021 NY Slip Op 01640


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


913 KA 16-01830

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH . WILCOX, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 16, 2016. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (2 counts), criminal sexual act in the first degree (2 counts), criminal sexual act in the second degree (10 counts), criminal sexual act in the third degree (14 counts), sexual abuse in the first degree and endangering the welfare of a child (5 counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law § 130.96), two counts of criminal sexual act in the first degree (§ 130.50 [2]), 10 counts of criminal sexual act in the second degree (§ 130.45 [1]), 14 counts of criminal sexual act in the third degree (§ 130.40 [2]), one count of sexual abuse in the first degree (§ 130.65 [4]) and five counts of endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that Supreme Court erred in refusing to suppress statements he made to the Child Protective Service (CPS) caseworker who interviewed him while he was in custody inasmuch as the CPS caseworker was not acting as an agent of the police (see People v Worthy, 109 AD3d 1140, 1141 [4th Dept 2013], lv denied 23 NY3d 970 [2014]). Although the CPS caseworker was part of a joint task force that included members of law enforcement, he testified that he did not consult with any law enforcement agents regarding his plans to interview defendant. Furthermore, no law enforcement agents were present at that interview, and there was no police involvement in the preparation or performance of the interview (see People v Rodriguez, 135 AD3d 1181, 1185 [3d Dept 2016], lv denied 28 NY3d 936 [2016]; People v Whitmore, 12 AD3d 845, 847 [3d Dept 2004], lv denied 4 NY3d 769, 892 [2005]).
Defendant's contention that the jury charge was confusing and improper is unpreserved for our review (see People v Whitfield, 72 AD3d 1610, 1610 [4th Dept 2010], lv denied 15 NY3d 811 [2010]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also contends that the evidence is legally insufficient to support the conviction because the testimony of the victims was incredible as a matter of law. Although defendant failed to preserve his contention for our review (see People v Gaston, 100 AD3d 1463, 1464 [4th Dept 2012]), we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence (see People v Wilson, 175 AD3d 1800, 1800 [4th Dept 2019]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), however, we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that "the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight [*2]it should be accorded" (People v Orta, 12 AD3d 1147, 1147 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; see People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]).
Defendant's contention that he was denied a fair trial by prosecutorial misconduct is not preserved for our review (see CPL 470.05 [2]; People v Szatanek, 169 AD3d 1448, 1449 [4th Dept 2019], lv denied 33 NY3d 981 [2019]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that he was denied effective assistance of counsel. Defendant's claim that counsel was ineffective for failing to object to the allegedly confusing and misleading jury charge was raised for the first time in his reply brief and therefore is not properly before us (see People v Daigler, 148 AD3d 1685, 1686 [4th Dept 2017], lv denied 30 NY3d 1018 [2017]). Several of defendant's other alleged instances of ineffective assistance, e.g., defense counsel's failure to call prospective witnesses that defendant suggested and his failure to introduce into evidence voluminous records that defendant provided, are based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (see People v Johnson, 81 AD3d 1428, 1428 [4th Dept 2011], lv denied 16 NY3d 896 [2011]). We reject defendant's contention with respect to his remaining claims of ineffective assistance, including his claim that defense counsel was ineffective in failing to object to the alleged instances of prosecutorial misconduct. Here, defendant failed to demonstrate the absence of any strategic or other legitimate explanations for the alleged deficient conduct (see People v Lundy, 165 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). On this record, we conclude that " 'the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (People v Benevento, 91 NY2d 708, 712 [1998]; see People v Grant, 160 AD3d 1406, 1407 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]).
We reject defendant's contention that the court erred in denying his request for new counsel. Defendant's request for defense counsel to be relieved was based on conclusory assertions of disagreements concerning strategy and of ineffectiveness of counsel, and the request was thus insufficient to require any inquiry by the court (see People v Barnes, 156 AD3d 1417, 1418 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]; cf. People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]).
Defendant's contention that he was punished for exercising his right to trial is unpreserved (see People v Tetro, 181 AD3d 1286, 1290 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]). In any event, that contention is without merit inasmuch as " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial' " (id.). Finally, the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court