People v Desjardins (2021 NY Slip Op 04465)





People v Desjardins


2021 NY Slip Op 04465


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


655 KA 18-01288

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE E. DESJARDINS, DEFENDANT-APPELLANT. 






ROBERT GALLAMORE, OSWEGO, FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), rendered February 23, 2018. The judgment convicted defendant upon his plea of guilty of course of sexual conduct against a child in the second degree, rape in the second degree and sexual abuse in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress statements made to the Child Protective Services caseworker is granted, and the matter is remitted to Supreme Court, Oswego County, for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]), rape in the second degree (§ 130.30 [1]), and sexual abuse in the third degree (§ 130.55) stemming from incidents that were investigated by both the Oswego County Sheriff's Office and Child Protective Services (CPS). As an initial matter, defendant's purported waiver of the right to appeal is invalid inasmuch as Supreme Court's colloquy did not sufficiently apprise defendant of the scope of the waiver or that certain rights would survive the waiver (see People v Esquilin, 192 AD3d 1481, 1481 [4th Dept 2021], lv denied 37 NY3d 955 [2021]; see also People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and the written waiver of the right to appeal executed by defendant did not cure the deficient colloquy (see People v Davis, 188 AD3d 1731, 1732 [4th Dept 2020]; People v Harlee, 187 AD3d 1586, 1587 [4th Dept 2020], lv denied 36 NY3d 929 [2020]).
With respect to the merits, defendant contends that the CPS caseworker who interviewed him while he was in custody was acting as an agent of the police when she interviewed him and that the court thus erred in refusing to suppress the statements he made to her outside the presence of his counsel after his right to counsel had undisputedly attached (see People v Velasquez, 68 NY2d 533, 537 [1986]). Although social workers are not automatically considered agents of the police, they may be so considered under certain circumstances (see People v Rodriguez, 135 AD3d 1181, 1184-1185 [3d Dept 2016], lv denied 28 NY3d 936 [2016]). In determining whether there is an agency relationship, the existence of a joint task force involving CPS and law enforcement agencies is not itself dispositive (see People v Wilcox, 192 AD3d 1540, 1541 [4th Dept 2021], lv denied 37 NY3d 961 [2021]). Rather, it is the "degree of investigatory cooperation" between the two agencies that should be considered (People v Rodas, 145 AD3d 1452, 1453 [4th Dept 2016]; see People v Wilhelm, 34 AD3d 40, 48 [3d Dept 2006]; People v Greene, 306 AD2d 639, 640-641 [3d Dept 2003], lv denied 100 NY2d 594 [2003]).
Here, the CPS caseworker testified at the Huntley hearing that, at the time she interviewed defendant, she was aware that defendant was being held on criminal charges and that he was represented by counsel. She further testified that she worked on a multidisciplinary task [*2]force composed of social services and law enforcement agencies, through which she received training on interviewing individuals accused of committing sexual offenses. Additionally, in keeping with task force protocol directing her to report to law enforcement any inculpatory statements made during CPS interviews, the CPS caseworker called the investigating officer immediately following the interview with defendant and promptly went to his office to report defendant's statements. Under the circumstances of this case as reflected at the hearing, although the police did not specifically direct the CPS caseworker to conduct the interview on a specific date or time or accompany her to the interview (cf. Wilcox, 192 AD3d at 1541; Rodriguez, 135 AD3d at 1185), we conclude that the CPS caseworker here had a "cooperative working arrangement" with police such that she was acting as an agent of the police when she interviewed defendant and relayed his incriminatory statements (Wilhelm, 34 AD3d at 48 [internal quotation marks omitted]; see Rodas, 145 AD3d at 1453; Greene, 306 AD2d at 640-641). The statements were thus obtained in violation of defendant's right to counsel, and the court erred in refusing to suppress them (see Rodas, 145 AD3d at 1454; Wilhelm, 34 AD3d at 49-50). Further, because defendant's statements to the CPS caseworker were the only statements in which he admitted to having sexual contact with the victim, we cannot say that there is "no reasonable possibility that the error contributed to the plea" (People v Clanton, 151 AD3d 1576, 1579 [4th Dept 2017] [internal quotation marks omitted]; see generally People v Wells, 21 NY3d 716, 718-720 [2013]). We therefore reverse the judgment, vacate the plea, grant that part of the omnibus motion seeking to suppress the statements made to the CPS caseworker, and remit the matter to Supreme Court for further proceedings on the indictment (see Wells, 21 NY3d at 720; People v Holz, 184 AD3d 1156, 1157 [4th Dept 2020]). In light of our
determination, we do not address defendant's remaining contentions.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court