People v McMurtry (2024 NY Slip Op 00567)

People v Mcmurtry

2024 NY Slip Op 00567

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1007 KA 22-01427

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORDAN L. MCMURTRY, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered July 25, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree, driving while ability impaired by drugs and use of a child in a sexual performance. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [2]), use of a child in a sexual performance (§ 263.05) and driving while ability impaired by drugs as a class E felony (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [i] [A]). We conclude that defendant knowingly, voluntarily and intelligently waived her right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]), and that waiver encompasses her challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Although defendant's challenge to the voluntariness of her plea survives her valid waiver of the right to appeal (see People v Gimenez, 59 AD3d 1088, 1088-1089 [4th Dept 2009], lv denied 12 NY3d 816 [2009]), the contention that, during the plea colloquy, County Court made misstatements regarding the promised sentence for driving while ability impaired by drugs and regarding the possibility of imposing consecutive sentences if defendant failed to comply with the Outley warnings is not preserved for our review because defendant did not move to withdraw the plea or to vacate the judgment of conviction on those grounds (see People v Halsey, 108 AD3d 1123, 1124 [4th Dept 2013]). Additionally, defendant's contention that her guilty plea was not knowing, voluntary and intelligent because the court failed to inform her that she was losing her voting rights is raised for the first time in her reply brief and is thus not properly before us (see generally People v James, 162 AD3d 1746, 1747 [4th Dept 2018], lv denied 32 NY3d 1112 [2018]; People v Daigler, 148 AD3d 1685, 1686 [4th Dept 2017], lv denied 30 NY3d 1018 [2017]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court