Leah W. v Keith W. (2025 NY Slip Op 05041)

Leah W. v Keith W.

2025 NY Slip Op 05041

Decided on September 23, 2025

Appellate Division, First Department

González, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Lizbeth González Martin Shulman Julio Rodriguez III Bahaati E. Pitt-Burke

Index No. 322334|Appeal No. 4019|Case No. 2024-07399|

[*1]Leah W., Plaintiff,
v
Keith W., Defendant. In the Matter of F.W. And Another, Children Under Eighteen Years of Age, etc., Keith W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Respondent appeals from an order of the Supreme Court, New York County (Michael L. Katz, J.), entered on or about November 29, 2024, which denied his motion to preclude the Administration for Children's Services from introducing into evidence video recordings of forensic interviews with the subject children at the Family Court Act article 10 fact-finding hearing.

Mantel McDonough Riso, LLP, New York (Kevin M. McDonough and Sophie Spears of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Rebecca L. Visgaitis and Claude S. Platton of counsel), for respondent.
Rosemary Rivieccio, New York, attorney for the children.

González, J. 

On October 6, 2023, the children of respondent father were interviewed by a Safe Horizon employee at the Manhattan Child Advocacy Center (CAC). The videotaped interviews were observed by a multidisciplinary team comprised of a detective from the New York City Police Department's Special Victims Unit and representatives from the Manhattan District Attorney's Office and Child Protective Services in a separate room. On October 10, 2023, respondent father was arrested and charged with first-degree sex abuse and endangering the welfare of a child. On July 15, 2024, the criminal charges were dismissed due to a lack of witness cooperation.
On October 11, 2023, Administration for Children's Services (ACS) commenced a Family Court Act article 10 proceeding against the father, alleging that he sexually abused both of his daughters. ACS informed the father that it would seek to introduce the videotaped interviews at the fact-finding hearing. He subsequently moved to preclude ACS from introducing the videos or a transcript of the interviews.
Criminal Procedure Law § 160.50 specifies that, where a criminal action or proceeding terminates in favor of the accused, "all official records and papers . . . relating to the arrest or prosecution, including all duplicates and copes thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed" (see CPL 160.50[1][c]). The statute "serves a laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his [or her] having once been the object of an unsustained accusation" (see Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979]). However, not all documents or records constitute "official records" under CPL 160.50 (see Matter of Harper v Angiolillo, 89 NY2d 761, 766 [1997]). Although the statute "specifies judgments and orders of a court as items 'included' in the category of official records and papers, the statute is otherwise silent on the nature of such 'official' material" (see id. at 765-766).
The forensic interviews at CAC were part of the children's protective investigation. ACS obtained the videos from Safe Horizon. Safe Horizon, an independent victims' assistance agency tasked with gathering information about the children's safety, is the official creator and custodian of the master tape. The father overlooks the plain language of CPL 160.50, which defines the records subject to sealing as being on file with the "division of criminal justice services, any court, police agency, or prosecutor's office." Neither ACS nor Safe Horizon are included in this list, and the father fails to explain why ACS, an agency with a different mission and a different burden of proof, cannot use the videotape. The videotaped interviews are thus not subject to sealing under the statute.
The videos are not "official records and papers" related to the father's arrest or prosecution. The Social Service Law permits CAC to conduct a forensic interview of a child by a trained professional that "must be conducted in a manner which is neutral and fact-finding and coordinated to avoid duplicative interviewing" (see Social Services Law § 423-a[2][f]). These videotaped interviews are confidential, but "shall" be disclosed for the purpose of investigation, prosecution and/or adjudication in any relevant court proceeding (see Social Services Law § 423-a[5][a]). The interviews were made in CAC's regular course of business and not in conjunction with law enforcement relating to the father's prosecution. Even so, the mere existence of a multidisciplinary task force involving multiple law enforcement and non-law enforcement actors is not dispositive (see People v Wilcox, 192 AD3d 1540, 1541 [4th Dept 2017], lv denied 37 NY3d 961 [2021]).
The argument advanced by ACS and the attorney for the children, which analogizes the CAC videos to 911 recordings, is persuasive. This Court has held that 911 calls are not official records within the meaning of CPL 160.50, as the 911 system serves a broader purpose than solely relating to criminal arrests and prosecutions (see Matter of Krystal N. [Juan R.], 193 AD3d 602, 602 [1st Dept 2021], lv denied 37 NY3d 906 [2021] ["Family Court properly declined to strike the 911 tapes from the record after [respondent's] acquittal in Criminal Court because those records were not official recordings relating to respondent's arrest or prosecution and thus were not subject to the sealing statute"]; Matter of Dockery v New York City Hous. Auth., 51 AD3d 575, 575 [1st Dept 2008], lv denied 11 NY3d 704 [2008]). Similar to a 911 call, which is handled by the NYPD and may or may not lead to a police response and criminal proceeding, a forensic interview at CAC is an initial information-gathering process, not inherently tied to any arrest or prosecution that may follow.
The recorded interviews of the children, in which they gave their own accounts of the father's actions to an independent forensic interviewer, did not contain any information about the father's arrest or discontinued prosecution. Sealing the videotaped interviews would undermine the CAC and multidisciplinary model. Although we recognize that there is a delicate balance between the compelling need to protect the welfare of children and the right of criminal defendants to be free from the stigma of an unsustained prosecution, CPL 160.50 should not be used to override the truth-finding and child-protective missions of the Family Court.
Accordingly, the order of the Supreme Court, New York County (Michael L. Katz, J.), entered on or about November 29, 2024, which denied respondent father's motion to preclude petitioner Administration for Children's Services from introducing into evidence video recordings of forensic interviews with the subject children at the Family
Court Act article 10 fact-finding hearing, should be affirmed, without costs.
Order of the Supreme Court, New York County (Michael L. Katz, J.), entered on or about November 29, 2024, affirmed, without costs.
Opinion by González, J. All concur.
Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025