People v Mazelie (2025 NY Slip Op 05849)

People v Mazelie

2025 NY Slip Op 05849

Decided on October 23, 2025

Appellate Division, Third Department

Pritzker, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

113454

[*1]The People of the State of New York, Respondent,
v
Shawn Mazelie, Appellant.

Calendar Date:September 11, 2025

Before: Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Cheryl A. Botts of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Columbia County (Jonathan Nichols, J.) rendered January 3, 2022, upon a verdict convicting defendant of the crime of criminal sexual act in the third degree.
Defendant was convicted after trial of criminal sexual act in the third degree for engaging in oral sexual conduct with another person who was under the age of 17 when defendant was 21 years old or more.[FN1] Defendant was subsequently sentenced to a prison term of 3½ years, to be followed by 10 years of postrelease supervision. Defendant appeals.
We must first address defendant's contention that County Court erred in denying his CPL 30.30 motion alleging that the People failed to comply with their discovery obligations by failing to file a valid certificate of compliance (hereinafter COC) within the relevant six-month period. Specifically, defendant asserts that an October 2020 COC and statement of readiness (hereinafter SOR) were illusory as the People failed to include in discovery a video of the victim's interview at a child advocacy center (hereinafter the CAC video). As relevant to this appeal, on January 1, 2020, approximately three weeks before the felony complaint was filed in this matter, CPL 245.20 came into effect detailing the automatic discovery obligations imposed on the People (see CPL 245.20, as added by L 2019, ch 59, part LLL, § 2 [eff Jan. 1, 2020]). Among said obligations, CPL former 245.20 specified that "[t]he prosecution shall disclose to the defendant, and permit the defendant to discover . . . all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to . . . [a]ll statements, written or recorded . . . , made by persons who have evidence or information relevant to any offense charged or to any potential defense thereto [and] . . . [a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness" (CPL 245.20 [former (1) (e); (1) (k) (iv)], as added by L 2019, ch 59, part LLL, § 2 [eff Jan. 1, 2020]). "[A]ll items . . . in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution" (CPL 245.20 [2], as added by L 2019, ch 59, part LLL, § 2 [eff Jan. 1, 2020]).
Notably, at oral argument, the People conceded that the CAC video contained impeachment evidence based upon certain statements made by the victim (see CPL 245.20 [1] [k] [iv]), and also that the CAC video had been turned over by the CAC to law enforcement and, as such, was in the People's possession as of January 22, 2020 (see CPL 245.20 [2]). Despite this, the CAC video was not turned over to defendant until September 1, 2021, 20 days before trial, even though the People [*2]filed an earlier COC and SOR in October 2020. Specifically, the COC dated October 16, 2020 referenced an index detailing the materials that had been disclosed to defendant as of that date. This index reveals two compliance reports, one dated February 28, 2020 and the other dated October 1, 2020. As relevant here, the February 28, 2020 compliance report lists a document titled "CAC Chain of Custody - 01.22.2020.pdf" as having been turned over to defendant. There is no dispute that, while this chain of custody form for the CAC video was included in discovery, the video itself was not.
After receiving the CAC video in September 2021, defendant filed a CPL 30.30 motion arguing that the February 2020 and October 2020 COCs were illusory, thus, the People were not actually ready for trial until the filing of the September 1, 2021 discovery wherein the CAC video was disclosed. In their motion opposing defendant's CPL 30.30 motion, the People averred that they were permitted to withhold the CAC video based upon CPL 245.20 (1) (c) because it "clearly reveals the identity of the victim, through both his image and the sound of his voice." County Court was persuaded by the People's assertion and denied defendant's motion, finding it "misplaced" and having "no validity under the law." We disagree.
As conceded by the People at oral argument, the decision to withhold the video was made in or around February 2020, when the CAC video chain of custody form was disclosed, as it was the policy of the Columbia County District Attorney's office not to disclose CAC interviews. Notably, at this time, there was no specific statutory basis under the law for withholding the CAC video pursuant to such a policy.[FN2] In fact, in February 2020, CPL 245.20 (1) (c), upon which the People rely, only permitted the People to withhold or redact from discovery information relating to the identity of confidential informants (see CPL 245.20 [former (1) (c)], as added by L 2019, ch 59, part LLL, § 2). Specifically, the statute in force at that time stated that, as part of automatic discovery, the People had to disclose "[t]he names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense . . . . Information under this subdivision relating to a confidential informant may be withheld, and redacted from discovery materials, without need for a motion [for a protective order]; but the prosecution shall notify the defendant in writing that such information has not been disclosed, unless the court rules otherwise for good cause shown" (CPL 245.20 [former (1) (c)], as added by L 2019, ch 59, part LLL, § 2 [emphasis added]). An amendment to the statute, which took effect on May 3, 2020, added, among others, victims of sex crimes to the list of individuals whose "names and adequate contact information" did not have to be disclosed (CPL 245.20 [1] [c], as [*3]amended by L 2020, ch 56, part HHH, § 2).[FN3] As such, it is clear that the People intentionally withheld discovery, based upon an internal policy decision, when it was required to be turned over to defendant pursuant to CPL 245.20. Accordingly, we must determine whether the People's intentional withholding renders their October 2020 COC and SOR illusory per se such that dismissal is required.
Significantly,
"[t]he [L]egislature tethered the People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements, through both the enactment of CPL 245.50 (3) and amendments to CPL 30.30 itself. CPL 245.50 (3), titled '[t]rial readiness,' states that '[n]otwithstanding the provisions of any other law' and 'absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to [CPL 245.50 (1)].' CPL 30.30 (5) . . . directs that the People must submit a COC attesting to good faith compliance with CPL 245.20's disclosure requirements before or at the time they provide notice that they are trial-ready" (People v Bay, 41 NY3d 200, 209-210 [2023], quoting CPL 245.50 [3]).
Pursuant to CPL 245.50 (former [1]), as it was in effect at the time, "[t]he [COC] shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery . . . . No adverse consequence to the  prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances" other than a discovery sanction as detailed in CPL 245.80 (L 2020, ch 56, part HHH, § 7 [eff May 3, 2020 to May 8, 2022]). Thus, for a COC to be proper, "the People [must] certify, in good faith, two things. First, that the People exercised 'due diligence' and made 'reasonable inquiries' to 'ascertain the existence' of 'material and information subject to discovery.' And second, that 'after' doing so, 'the prosecutor has disclosed and made available all known material and information subject to discovery.' These are two separate statements that the People must certify, in good faith, to each be true" (People v Rafoel, 77 Misc 3d 1231[A], 2023 NY Slip Op 50076 [U], *2 [Crim Ct, Queens County 2023] [citation omitted], quoting CPL 245.50 [1]; see People v Marte, 82 Misc 3d 528, 529-530 [Crim Ct, Queens County 2023]).
The case at bar is unlike People v Bay, where the "defendant [brought] a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC" based on the People's failure to ascertain the existence of certain discovery (41 NY3d at 213, 215), and People v Contompasis (236 AD3d [*4]138 [3d Dept 2025], lv denied 43 NY3d 1007 [2025]), where delayed disclosures were "merely the result of a prosecutor who, having exercised due diligence, missed a few discoverable items" (id. at 150). By contrast, here, we are faced with a situation where the People certified, allegedly in good faith, that "the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [former (1)]), despite knowing full well that they were intentionally withholding the CAC video. As such, we find that the People did not file the October 2020 COC in good faith as they did not make "all known material and information subject to discovery" available to defendant (CPL 245.50 [former (1)]). Further compounding their error, the People did not give defendant any notice of this withholding, either by withholding the CAC video and requesting a protective order (see CPL 245.70) in the first instance, or, later, giving defendant notice that the CAC video was purportedly being withheld so as not to disclose any identifying information of the victim (see CPL 245.20 [1] [c], as amended by L 2020 ch 56, part HHH, § 2).[FN4] Accordingly, because we find that the October 2020 COC and SOR were illusory, the People did not validly announce readiness for trial until September 2021, which the People concede would be outside of the applicable six-month CPL 30.30 time frame. Thus, this Court must dismiss the indictment (see CPL 30.30 [1] [a]).[FN5] In light of this determination, defendant's remaining contentions have been rendered academic.
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.

Footnotes

Footnote 1: Defendant was indicted under Penal Law former § 130.40, which has since been repealed (see L 2023, ch 777, § 1). The subsequent repeal does not have any effect on this case though, given that the change did not take effect until January 1, 2024 and applied "to any offense on or after such effective date" (L 2023, ch 777, § 66; see Penal Law § 130.25 [5]).

Footnote 2: Although there was no specific statutory basis under the law to withhold the CAC video, the People could have withheld it and moved for a protective order pursuant to CPL 245.70 requesting that "discovery or inspection" of the CAC video "be denied, restricted, conditioned or deferred, or make such other order as is appropriate," a remedy which a court may grant upon a showing of good cause (CPL 245.70 [1], as added by L 2019, ch 59, part LLL, § 2 [eff Jan. 1, 2020], as amended by L 2020, ch 56, part HHH, § 3 [eff May 3, 2020]). The benefit to a defendant in requesting a protective order is that he or she is put on notice of material being withheld and given the opportunity to be promptly heard regarding the propriety of such withholding (see CPL 245.70 [3], [4], as added by L 2019, ch 59, part LLL, § 2 [eff Jan. 1, 2020], as amended by L 2020, ch 56, part HHH, § 3 [eff May 3, 2020]). Here however, not only did the People fail to move for a protective order, but they affirmatively stated in their October 2020 COC that no material had been withheld from defendant due to being subject to a protective order.

Footnote 3: The People also conceded that they did not, at any time, give defendant any notice that they were withholding the CAC video pursuant to an internal policy or, later, notice required by CPL 245.20 (1) (c) (as amended by L 2020, ch 56, part HHH, § 2) when information is withheld or redacted pursuant to that subsection. The failure to give this required notice comports with their concession that the decision to withhold was made prior to CPL 245.20 (1) (c) (as amended by L 2020, ch 56, part HHH, § 2) being applicable to the case at hand.

Footnote 4: As indicated above, CPL 245.20 (1) (c) has since been amended to protect the names and addresses of the victims of sex offenses from automatic disclosure. However, to do so, the People must provide written notice to defendant, unless the court rules otherwise. Therefore, it bears mention that, had CPL 245.20 (1) (c) been applicable to victims of sex offenses at the time, we would reach the same conclusion, as the failure to provide the notice required by CPL 245.20 (1) (c) when withholding the CAC video would also lead to the conclusion that the October 2020 COC was not filed in good faith (see CPL 245.20 [1] [c],as amended by L 2020, ch 56, part HHH, § 2 [eff May 3, 2020]).
Footnote 5: We are unpersuaded by the People's argument that, because defendant acted in bad faith in not filing the CPL 30.30 motion sooner, the motion should not be granted. Although subsequent iterations of CPL 245.50 (4) (as amended by L 2022, ch 56, part UU, subpart D, § 1 [eff May 9, 2022], and L 2025, ch 56, part LL, § 4 [eff Aug. 7, 2025]) place affirmative obligations upon a defendant when challenging the People's COC, including that a defendant must file a motion challenging the People's discovery "within [35] days of the service of the [COC]" (CPL 245.50 [4] [c], as amended by L 2025, ch 56, part LL, § 4 [eff Aug. 7, 2025]), at the relevant time for this case, the statute provided only that "[c]hallenges to, or questions related to a certificate of compliance shall be addressed by motion" (CPL 245.50 [former (4)], as amended by L 2020, ch 56, part HHH, § 7 [eff May 3, 2020]).