People v Solomon (2025 NY Slip Op 25249)

[*1]

People v Solomon (Jewel)

2025 NY Slip Op 25249

Decided on November 21, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on November 21, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570480/22

The People of the State of New York, Respondent, 
against
Jewel Solomon, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Rachel S. Pauley, J., on speedy trial motion; Josh E. Hanshaft, J., at plea and sentencing), rendered August 4, 2022, convicting him, upon his plea of guilty, of attempted assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Rachel S. Pauley, J., on speedy trial motion; Josh E. Hanshaft, J., at plea and sentencing), rendered August 4, 2022, affirmed.
Defendant's speedy trial motion was properly denied. The January 28, 2022 certificate of compliance (COC) and certificate of readiness (COR) were valid and, therefore, stopped the running of the speedy trial clock as of that date. Criminal Court correctly rejected defendant's claim that the COC and COR were invalid because the People had not provided the video and records of the forensic interview of the child victim by a social worker at the Manhattan Child Advocacy Center [MCAC]. The MCAC video and records were not subject to the automatic discovery rules contained in CPL 245.20 (1) because this material was not "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]), but rather, this material was in the possession and control of MCAC, an independent victim's assistance agency run through Safe Horizons (see Matter of Leah W. v Keith W., __ AD3d __, 2025 NY Slip Op 05041 [2025]; cf. People v Mazelie, __ AD3d __, 2025 NY Slip Op 05849 [2025]). Nor was there any evidence in the record indicating that MCAC was acting as an agent for law enforcement (see generally People v Desjardins, 196 AD3d 1177, 1178 [2021]). Thus, the validity of the COC did not depend upon the People turning over these records to defendant.
Nor were the People required to request an extension of time to comply with discovery pursuant to CPL 245.70 (2) while they waited for the MCAC records. The timing provisions of CPL 245.10 (1) (a) apply to "discovery obligations under subdivision one of section 245.20," i.e., items and information in the possession, custody or control of the prosecution of persons under the direction and control of the People. As such, CPL 245.10 (1) (a) (iv) (B), which allows the People to seek a good cause extension under CPL 245.70 (2), does not apply to the materials at issue on this appeal.
The record also supports the Court's finding that the People complied with its obligations under CPL 245.20 (2), where, as here, the material "is not within the prosecutor's possession, [*2]custody or control." As the Court found, "[the People] contacted MCAC and were told that the records and video were only available via subpoena. In a timely fashion they sent a subpoena to MCAC." We also note that CPL 245.20 (2) provides that "[t]he prosecutor shall not be required to obtain material or information if it may be obtained with use of a subpoena duces tecum where the defense is able to obtain the same material with the use of a subpoena duces tecum."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 21, 2025